THE TERRITORY OF NEW MEXICO v. DORA DWENGER.

*January 22, 1881.*

MURDER, EVIDENCE, ADMISSIONS. (1) *Competency of, how affected by time of making admissions, and by time of occurrence of facts admitted.*

SAME. (2) *Accessory, guilt of principals to be established.*

SAME. (3) *Evidence of guilt of principals and of accessory.*

SAME. SAME. (4) *Instruction limiting application of such evidence.*

SAME. SAME. (5) *Admission held admissible.*

1. The time when an admission is made does not affect its competence as evidence, even though it be made years after the commission of the crime to which it relates. The time of the occurrence of the facts admitted is of more consequence, however, and if remote from the date of the crime, a serious question might be raised as to the competence of the admissions concerning them. But not so, if the facts occurred within a short while after the crime was committed.

   *Held,* That where, within a day after the murder was committed, the prisoner said: "You need not blame the boys for robbing him of his clothes;" that "in Germany there was a case of the kind where a man was murdered and the body was identified by the clothing," and that that was the reason why she sent the sack along to bring the clothes home, both the admissions and facts were sufficiently proximate to the murder to be competent evidence. So also, an admission by the prisoner as to the concealment of the coat in a quilt, was held competent.

2. In the trial of a person as accessory to a murder committed by several, the guilt of the principals, or of some one of them, must first be established by competent testimony.

3. In such a case there is no distinction between the competency of evidence as to the guilt of the principals and of evidence as to the guilt of the accessory. Any testimony which is competent evidence regarding either branch of the case is admissible.

4. But where certain evidence relates wholly to the principals, perhaps an instruction may be framed requiring the jury to limit the application of that evidence to them alone, and requiring the jury not to consider it with reference to action or complicity of the accessory.

5. An admission by one of the principals, a son of the accessory, that "my mother and Mr. Young put up the job that we were to kill him ; the plan was made at the breakfast table the morning we went

out to kill him," relates not only to the guilt of the principals but also to the guilt of the accessory, and is competent as to both issues. An instruction which would exclude this admission from the jury is erroneous.

Appeal from the District Court for Doña Ana county, Bristol, J.

The facts appear in the opinion of the court.

*Bail & Garrison*, for appellant.

The indictment in this case is in the form used for indictments of accessories before the fact to murder at common law. The court below treated it as an indictment for murder in the fifth degree under our statute, holding that the common law crime of accessory to murder before the fact, was, under our statute, nothing more nor less than murder in the fifth degree. We regard this as the correct view; at all events the evidence to convict must be the same in either case.

The court, in charging the jury, has properly laid down the law as to the two propositions to be passed upon. It is in the application of the evidence of which we complain.

The jury, no doubt, assumed (and was warranted in so doing under the instructions given by the court) that all the confessions and declarations of the several parties, as detailed by the witnesses for the prosecution, were proper and competent evidence to be considered in the determination of both of the above propositions.

From this we dissent. This was error. We therefore maintain that the sixth, seventh and eighth instructions asked for by the defendant ought to have been given.

The eighth instruction asked for by the defendant states the law as applicable to this case, correctly: Bishop Crim. Law, sec. 67, and the authorities there referred to; Wharton Crim. Law, sec. 703; Roscoe Crim. Ev. (side page), 54; Roscoe Crim. Ev. (side page), 222.

When an accessory before the fact to murder was tried, after the principal had been tried and executed, Parke, B.,

ordered the proceedings to be conducted in the same manner as if the principal was then on his trial, and the evidence against the accessory was not gone into until the case against the principal was concluded: Ratcliff's case cited by Roscoe Crim. Ev. (side page), 222. The guilt of the principal felon, in the case before the English judge, was treated as an independent consideration, and was not blended with the guilt of the accessory as was done in the case at bar. This English case cannot, as we conceive, be distinguished from the one at bar, and the proper mode of conducting cases of this character is in that case clearly marked out.

The principal felons were on trial in this case, and are in all cases of this character. The guilt of the principal felons, or some one of them, must first be established by competent testimony. This is the first proposition. This being proven, the second proposition is to be established: Did the defendant by her act or procurement cause such murder to be committed? Now, if it be conceded that the confessions of the principal felons are competent evidence to go to the jury in determining their guilt, are not such confessions improper when the jury come to consider the second proposition—that is, the defendant's guilt? Her guilt, if guilty at all, consists in her having by some means procured the murder—to be committed, and not in the commission of it.

It must be borne in mind that the defendant was not in this case indicted jointly with the principal felons. The court below held, that the confessions and declarations of the principals were competent and legal evidence to establish both the propositions laid down in the charge—or rather, that such confessions were proper evidence to be considered by the jury. From this view we dissented at the trial of the case, and we still dissent, and we insist that the eighth instruction asked for by the defendant should have been given: That these confessions were not legal evidence tending to

establish either of the foregoing propositions—and certainly not the second, as to what part she had in the killing of the deceased, and whether or not it was done by her act or procurement. The instruction might have been differently worded, and the line between these legal propositions might have been more sharply drawn. The jury had not only to consider whether or not the principal felons were guilty as charged in the indictment, but it was also necessary to find whether she was guilty in the manner charged against her in the same indictment. That is to say, whether or not such homicide was committed by her act or procurement. She could not be guilty and they innocent. The converse, however, is not true. They might be guilty and she innocent; and this instruction, as we understand it, asks that the jury in considering her case—as to whether or not such murder was influenced by her act or procurement—the jury should not give these confessions any weight, as tending to prove the charge as alleged against her in this indictment. This is the idea embraced in the eighth instruction. If incorrect at all, it is too narrow and to the defendant's prejudice. The territory cannot complain.

Under the charge and instructions given by the court, the jury was misled. The jurors were substantially informed by the court, that these confessions were not only proper evidence for them to consider in determining the question as to whether the principals or one of them, did murder the deceased, Henry F. Dwenger, as charged in the indictment, but that the said confessions were likewise legal and competent evidence for their consideration in determining whether such murder was committed by the principal felons through or by the act or procurement of the defendant. This was error.

The principle of law which makes the confessions and declarations of a conspirator evidence against his co-conspirator cannot have any application in this case. First, because it was

not shown, by any competent evidence in the trial of the case, that any conspiracy existed between the defendant and the principals, before the killing of the deceased, Henry F. Dwenger; and secondly, the object of such conspiracy, if any ever existed, had long since been accomplished before any confessions were made by any of the accused parties: 3 Greenleaf Ev., sec. 94; 1 Greenleaf Ev., secs. 110, 111; 2 Bishop Crim. Procedure, 229, 230; Roscoe Crim. Ev. (side page), 414 *et seq.*

The court erred in refusing the sixth and seventh instructions asked for by the defendant.

The rule is laid down by Mr. Roscoe, in his work on Criminal Evidence (4th American edition; and this is the edition which is cited by us)—side page 94, thus: "It may be thought that collateral facts, occurring soon after the offense, with which the prisoner is charged, may sometimes afford as reasonable a presumption of guilty knowledge, as when the facts occurred at some time before the offense; but it would seem from the cases that where evidence is given of collateral circumstances to show the prisoner's guilty knowledge, it must in general appear that those circumstances occurred previously to the commission of the offense with which he is charged," etc.

All the admissions and declarations of the defendant bearing upon her guilty knowledge were made after she had been arrested, and more than two months after the commission of the murder. Her admissions, taken altogether, while they show that she did attempt to hide and cover up the homicide at the same time, negatives the idea that she knew anything of it until after its consummation. Her denials of this fact, in connection with her subsequent knowledge must have some weight with the jury, if properly instructed on this point. But we maintain that all her acts and doings in the way of secreting the clothing of the deceased, subsequent to the homicide, does not raise the slightest presumption of her

guilt as charged in this indictment.   This species of evidence, while it would undoubtedly be proper under an indictment against her, as accessory after the fact, is exceedingly dangerous and improper for the consideration of a jury in passing upon the guilt or innocence of a person who is being tried substantially as an accessory before the fact.

*S. B. Newcomb*, for appellee.

The appellant admits that the learned judge below properly laid down the law upon the only two propositions to be passed upon.

This was all the court was called upon to do; in fact, it was all he was allowed to do by our law.   See Session Law of 1880, page 51, sec. 23.

The two propositions to be passed upon by the jury were:

*First.* Did William Young and William H. Dwenger, or either of them, murder Henry F. Dwenger?

*Second.* Did this defendant incite, move, procure of the said Young and William H. Dwenger, or either of them, to commit this murder?

Now, in order to convict defendant, the guilt of the principal felons had to be first established, and their confessions were proven and given as evidence for that purpose, and no other, and was competent legal evidence for that purpose; but we go farther and say it was proper testimony against defendant upon another ground, namely, conspiracy.

The learned counsel for defendant assume that there was no evidence of a conspiracy, but a slight examination of the facts will disclose abundant evidence thereof.

It will be remembered that the defendant was the wife of the murdered man; that his murderers. William Young and William H. Dwenger, lived in the same house with defendant and her husband; that, on the morning Young and Wm. H. Dwenger took the old man out into the mountains and killed him; just before they started on their murderous

expedition, Young and defendant were seen engaged in an earnest conversation outside of their house.

The defendant's declaration that she sent the sack along for the boys to bring home the old man's clothes.

The fact that deceased possessed considerable property, which was after his death divided up between Young and William Dwenger and defendant; that they did all continue to live together until they were arrested and lodged in jail.

The defendant's contradictory statements as to the old man's whereabouts; all tend to the irresistible conclusion that a deep-laid plot and vile conspiracy had been formed by these three villains to take the life of old man Dwenger, to get rid of him, so they could get possession of and enjoy his property.

Conspiracy is generally proved from circumstances. No direct evidence need be given of the fact of conspiracy; it may be collected from the circumstances of the case: Chitty's Criminal Law, vol. 8, p. 1143; Greenleaf's Evidence, vol. 3, p. 81, sec. 93.

The appellant does not deny but that the evidence in this case clearly proved her guilt. No pretense here of insufficiency of evidence to support the verdict.

The guilt of the principal felons has been established by no less than three juries. It will be observed that this defendant did not go on the stand, or in any way attempt to show her innocence.

Human life is not at stake here; unfortunately, the law does not permit of her being hanged. Justice has only failed in this case by the law providing a too light punishment.

As to defendant's confessions being made after the fact not being admissible, the counsel for defendant confuses the mere act of confessing with the fact of confessing to acts that occurred after the fact.

Now, surely it will not be contended that a confession

made after the act was committed of a fact that took place before said act was committed is not competent evidence, as, for example, in this case, the sending the sack with the murderers to bring back the clothes of the man they are taking out to murder. Confessing to an act or circumstance that took place after the crime was consummated may not be competent to prove conspiracy; but, confessing to the same act or circumstance if it had been committed, or had taken place before the crime was committed, would be good evidence, although the mere act of confessing had been done after the commission of the crime; but it will be remembered that defendant's admissions were not proven in the case to establish a conspiracy, but to prove the commission of the crime of murder in the fifth (5th) degree, or of an accessory before the fact to murder; to which case we do not think the instructions applied to conspiracy has any application.

The learned judge's charge in this case is very full, and quite as favorable to the defendant as the nature of the case would permit.

The only complaint here is that the judge should have taken from the jury, as to a part of the case evidence that was properly in the case; this, we think, he was not obliged to do—the evidence was for the jury alone. There was no evidence before them but legal, competent and proper testimony. The law, it is admitted, was properly laid down and given to the jury. This was all the court could be asked to do; and as there cannot be a shadow of doubt as to defendant's guilt, no injury has resulted to defendant, substantial justice has been done, and the judgment should be affirmed.

PRINCE, Chief Justice: This is an appeal from the judgment of the third district court, sitting in Doña Ana county.

The defendant, who is the appellant, was indicted by the

grand jury of Grant county, at the July, 1879, term, as an accessory before the fact to the murder of Henry F. Dwenger, William Young and W. H. Dwenger being indicted as principals.

The defendant having applied for and taken a change of venue to the county of Doña Ana, her trial was had at the March, 1880, term, in that county, the principals having been first tried and convicted.

The court held that, under our territorial law, the offense charged was murder in the fifth degree, and the jury brought in a verdict of guilty of murder in that degree, and assessed the punishment at ten years' imprisonment. Before sentence, the prisoner's counsel moved for a new trial on various grounds, which motion was denied by the judge presiding. Thereupon the defendant appealed to this court.

The matters for our consideration are, fortunately, narrowed down to a small number. It is conceded by the defendant's counsel that the action of the court below in treating a case of this nature as murder in the fifth degree under our statute was correct; and that, in the charge to the jury, the two propositions for that body to pass upon in determining the facts were properly laid down. On the motion for a new trial five specific causes were assigned, besides the formal ones. These five consisting of alleged errors in the admission of testimony, and in refusals to give instructions to the jury which were requested; but in the brief and argument of counsel for the defendant, they have confined themselves to the refusal of the court below to give to the jury the sixth, seventh and eighth of the instructions requested by them at the trial; and these substantially include the matters of evidence stated in the motion for a new trial, and are all that we have to consider. These are as follows:

*Sixth.* " The jury is further instructed to disregard all the evidence in this case purporting to be the admissions or confessions of the defendant, Dora Dwenger, made by her after

such killing, relating or pertaining to any act or thing done by her subsequent to the homicide of the said Henry F. Dwenger, with the view of concealing such homicide, or for the purpose of enabling the perpetrators thereof to elude punishment."

*Seventh.* " And the jury are further instructed that all confessions and admissions made by the defendant under the cir-·cumstances and in the manner detailed by the witnesses for the prosecution tending to prove her concealment of such homicide, ought not to be considered by the jury as proving or tending to prove that the defendant incited, procured, hired, counselled, moved, aided or commanded the said Wm. Young and William H. Dwenger, or either one of them, to kill the said Henry F. Dwenger, as charged in this indictment."  .

*Eighth.* " The jury are further instructed that the confessions or declarations made by William Young, or by the said Wm. H. Dwenger, as stated by witnesses for the prosecution, are not legal or competent evidence in this case against the defendant, and ought not to be considered by the jury in their deliberations as to the guilt or innocence of the defendant, unless the jury shall further believe from the evidence that the defendant was present when such confessions or declarations were made and assented thereto."

It was argued by counsel for the defendant that the sixth and seventh instructions should have been given, because the admissions of the defendant were made two months after the commission of the murder, and also because they related to events occurring after that commission.  The time when the admission is made, however, can be of no importance; if years after the crime in question, it would have just as much weight and be just as binding as evidence.  The time of the occurrence of the acts admitted is of more consequence, and if remote from the date of murder would raise a serious question.  But in this case they occurred within a very short time after the murder, and as to one act of special import-

ance, it is impossible to tell from the evidence whether it occurred before or after. This is the admission of the defendant testified to by the witness Hoffman, as follows:

"You need not blame the boys for robbing him of his clothes. I sent a sack along to bring the clothes home. She said in Germany there was a case of the kind where a man was murdered and the body was identified by the clothing, and that was the reason why she sent the sack along to bring the clothes home; she did not state the time, whether before or after the killing."

Sheriff Whitehill testified substantially to the same statements by the defendant, and adds, "she said she had sent the sack for them; at the time she spoke I thought she had sent the sack up at the time he was killed, but since then they have all told me that the clothing was brought in the next day."

So at the farthest, this was an action of the defendant on the next day after the murder, and directly connected with the murdered man and his death, and as such it is admissible to be considered by the jury in connection with the other evidence in coming to their conclusion.

Of a similar character is the evidence (in the form of admission by the defendant), as to the concealment of the coat in the quilt. While not conclusive in itself, it is yet so connected with the murder that it was proper to go before the jury as a circumstance for their consideration. We think, therefore, that there was no error in the admission of this testimony, nor in the refusal to give the sixth and seventh instructions as regarded by the defendant's counsel.

This brings us to the eighth instruction. The defendant's counsel concede that the judge rightly stated to the jury in his charge, the two questions which were involved in the case, and which they were to decide. The first of these was as follows:

"That William H. Dwenger and William Young, or one

of them, actually and intentionally killed Henry F. Dwenger, without justification or excuse, in the county of Grant, in November, 1878. That they or one of them, so killed Henry F. Dwenger by means of a fatal gunshot wound inflicted by them or one of them."

The same is briefly stated in the defendant's brief in these words: "The guilt of the principal felons or some one of them, must first be established by competent testimony."

Whatever testimony then tended to prove such killing by the principals, was competent as evidence in the case; such testimony indeed was absolutely essential, because if the jury did not find that the first proposition was proven and that the principals were guilty, there would be no case against the defendant as accessory. The defendant's counsel in their brief, endeavored to raise a distinction between the competency of this evidence as proof of the first proposition (as to the guilt of the principals), and as proof of the second proposition (as to the guilt of the defendant).

With regard to this, it may be said that any testimony which was proper as evidence regarding either branch of the case was of course admissible and could not have been excluded without error.

It may be that if the confessions and declarations of the principals had related wholly to the first proposition submitted to the jury, an instruction might have been framed limiting the application of that testimony to that proposition, and stating that it did not apply to the second proposition as to the action or complicity of the defendant before the commission of the crime as an accessory.

But firstly, the confessions and declarations to go beyond the subject of the first proposition, and secondly, the eighth requested instruction is not so framed. One of the statements of William H. Dwenger, testified to by the witness Watts, is as follows: "My mother and Mr. Young put up the job that we were to kill him; the plan was made at the

Territory of New Mexico v. Dwenger.

breakfast table the morning we went out to kill him." This clearly goes beyond the question of the guilt of the principals and directly affects that of the defendant.

Again, the eighth instruction is much too broad for the distinction drawn in the defendant's brief, even if all the confessions and declarations of the principals as testified to had been strictly confined to their own guilt. The judge was asked to charge that those confessions and declarations " are not legal or competent evidence in this case against the defendant, and ought not to be considered by the jury in their deliberations as to the guilt or innocence of the defendants. Had he given this instruction, the jury would naturally have believed that they were precluded from giving to those confessions and declarations any consideration whatever in the case. The distinction is not clearly drawn, if drawn at all, between the two propositions submitted. To have given the instruction under the circumstances would not only have been error, because part of that testimony directly bore on the guilt of the accused, but because it would have misled the jury as to their right to consider these confessions and statements in any part of the case.

Without considering then the points as to " conspiracy," presented in the briefs, we think that the judge could not properly have given this eighth instruction and was right in declining to adopt it.

This covers all points raised by the defendant. The judgment of the court below is affirmed.

All concur.